## SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

## CUMBERLAND.

### NOVEMBER TERM,

### 1822.

## HASKELL v. HASKELL & ALS.

Where one devised lands and bequeathed personal estate to his son, whom he made executor of his will, therein directing him to make certain annual payments to his mother during her life time ; and the son, after the death of the testator, assumed the trust, and entered into the lands, and made the annual payments, and then died, leaving minor children who entered into the lands by their guardian ;—it was holden that the children were not liable in *assumpsit* during their minority, for the yearly payments accruing after the decease of their father.

THIS was an action of *assumpsit*, brought by the plaintiff who was the widow of *Moses Haskell*, under whose will she claimed an accruing legacy, against the defendants, who were minors and heirs at law of *Ebenezer Haskell*, son of said *Moses*.

In a case stated by the parties it appeared that *Moses Haskell* the testator, made his will, containing several devises of his estate, and among them the following ;—viz.

" First, I give and bequeath to my beloved wife *Sarah Has-*
" *kell* the use of my dwelling-house I now live in, during her
" life, for herself and my daughter *Judith* to live in and im-
" prove. Also, I give unto my said wife the use of my house
" yard out to the road, and of the garden in front of said house
" and so much of the orchard as shall contain two rows of ap-
" ple trees on the southwest side thereof, during her life. I al-
" so give unto my said wife the use of all my household furni-
" ture during her life. Also I give as a legacy to my said wife

" yearly during her life time, to be paid her by my son *Ebene-*
" *zer Haskell*, the following articles"—enumerating divers arti-
cles of the yearly produce of a farm—" ten dollars in cash
" yearly"—fuel—" and in case my wife should be sick and
" stand in need of physicians or nurses, my said son *Ebenezer*
" to procure them and pay their bills, and also at her decease
" to give her body a decent burial."

" I give and devise to my son *Ebenezer Haskell* his heirs and
" assigns all my homestead farm, consisting of all the land I
" now own in the town of *N.* with the buildings thereon, ex-
" cept the house yard, garden, and part of the orchard that I
" have given to my wife and daughter *Judith*, to him the said
" *Ebenezer*, his heirs and assigns forever."

" I do further give and bequeath unto my son *Ebenezer Has-*
" *kell* all my farming tools, willing and requiring that he pay,
" deliver and perform unto my wife his mother as before speci-
" fied, and that he also pay"—certain other legacies—" and
" that he pay all my just debts and funeral charges"—and ap-
pointing him sole executor of the will.

The will was duly proved before the Judge of Probate *Feb-*
*ruary* 27, 1811, by the executor, who assumed the trust and
immediately entered on the land devised and took possession of
the personal estate bequeathed to him, of which he continued
seized and possessed,—and continued to pay the legacy to his
mother the plaintiff as the same became due, until his decease in
*November* 1814. His administrator continued to make the same
annual payments till the year 1818, when the guardian of the
defendants in their behalf entered into the lands devised to their
father, which he ever since continued to occupy and improve.
No farther payments were made to the plaintiff, though she had
duly demanded them.

If the action was not maintainable at law, the plaintiff agreed
to become nonsuit, and that the defendants have their costs.

*Fessenden*, for the plaintiff, maintained the following positions.

1. That the devisee of lands charged with the payment of a
legacy, is liable in *assumpsit* for the amount of the legacy,—
especially after entry into the lands, and assuming on himself the
burden of the payment. *Van Orden v. Van Orden*, 10 *Johns.* 30.

*Even v. Jones*, 2 *Salk.* 415. A legatee may have an action against the ter-tenants for a legacy devised out of the land. *Ld. Say & Sele v. Guy*, 3 *East.* 120. *Atkins v. Hill, Cowp.* 283. *Hawks v. Saunders, Cowp.* 289.

2. The heirs of the devisee are equally liable in *assumpsit* as ter-tenants, the land having descended to them *cum onere.* It will not lie against their personal representatives. *Livingston v. Ex'rs of Livingston*, 3 *Johns.* 189. 3 *Bac. Abr.* Heir *F. Graham v. Graham*, 1 *Ves. jr.* 272. *Pawlet v. Perry, Gilb. Eq. Ca.* 123. 2 *Vern.* 249, 444, 616.

3. And though the heirs are minors, yet they are liable, this case forming an exception to the general rule that infants are not liable except for necessaries. Here they have entered into the land and taken the rents and profits, and are bound by the conditions annexed to the grant. If not, the infant will be enabled to turn the protection of the law into an instrument of injustice. *Zouch v. Parsons*, 3 *Burr.* 1794. *Evelyn Ex'r v. Chichester*, 3 *Burr.* 1717. *Kinton v. Elliot*, 2 *Bulstr.* 69. 3 *Bac. Abr. tit. Infancy F. G.*

4. And this is the *only* remedy the plaintiff can have. That no action lies for this legacy against the administrator of the devisee, is already shewn. None lies in any case after four years, except on contracts payable at a day beyond that period. But this is no *contract ;*—it is an accruing legacy ; and when the devisee settled his administration-account at the Probate office, nothing was due. Further, a legacy might in general be defeated for want of assets. But here is a legacy charged on lands, and a descent cast ; and the administrator of the heirs could not keep out the heirs, on the ground that the legacy *might* be due. They were entitled to enter on the death of their father.

Neither does any remedy exist against the estate of the devisor, the plaintiff's husband. No administrator *de bonis non* can be appointed, because all his estate is fully administered, and no contract of his exists. He owed nothing ;—no debt was due to him ;—and no chattels remain.

If it lies not in this form against the heirs of the devisee, then they obtain the land discharged of the condition, which is manifestly unjust.

*E. Whitman,* for the defendants.

1. Here is no lien on the land. The devise to the son of the testator was absolute, and the legacy was altogether an independant matter. Having taken the estate, he assumed to pay the mother; and she might have her action against him. He might have alienated the estate, free of any charge for the legacy;—or his creditors might have taken it;—or it might have been sold for taxes;—and in either case he, and not his creditor or grantee, would be liable for the legacy.

2. But if the legacy were a lien on the land, this would not create a *personal* liability on the heirs of the devisee. The only remedy would be an entry for condition broken, or by bill in equity. This is an action for which no precedent can be found in the books. It is a claim set up against infants, who ordinarily are incapable of contracting, except for necessaries;—it seeks to subject them to *imprisonment;* and this too, not in consequence of any contract of their making, but because of a *lien on land* which the law has cast upon them, as the heirs of their father. If it be a lien, the heirs are not *personally* answerable;—if not, the action should have been brought against the administrator of their father.

After this argument, which was had at the last *May* term, the cause was continued for advisement, and the opinion of the Court was now delivered by the Chief Justice.

Mellen C. J. This is an action of *assumpsit* by the widow of a devisor to whom an annual legacy or allowance was given in his will, against the *minor children* and heirs of one of the sons of the devisor, to whom a large portion of his real estate was devised; and who was appointed executor of the will and directed to pay the money and deliver the articles annually to the plaintiff, his mother. *Ebenezer Haskell,* the father of the defendants, entered into possession of the lands devised to him, and made the annual payments as directed, until his death. *Nelson,* his administrator, continued such payments to the year 1818, when the defendants, by their guardian, entered into the same lands, and have ever since occupied them;—but though the annual legacy or allowance has been demanded, it has not been paid; and this action is brought to recover the amount due.

Haskell *v.* Haskell.

Among other grounds of defence, the defendants rely on their *infancy.*—If this action furnishes an exception from the general rule, it is incumbent on the plaintiff to shew that the law *implies* a promise on the part of the defendants, which binds them more effectually than an *express* promise would in similar circumstances. It is not contended that the defendants are liable on the ground that the articles for which payment is claimed, come within the description of *necessaries.* The inquiry then is, does the law *imply* a promise on the part of these minors from the facts stated?—In the case of *Zouch v. Parsons,* 3 *Burr.* 5794, the question had reference to the legal effect of a certain conveyance of an infant, and his right to avoid it *by entry during infancy.*—In *Evelyn v. Chichester,* 3 *Burr.* 1717, it was decided that the lord of a manor may maintain an action of *assumpsit* against an infant copyholder, *when he comes of age,* for a fine on his admission *during his nonage.* In the argument of the cause, the plaintiff's counsel expressly admitted that the action would not lie against the infant *during his infancy.*—*Lord Mansfield* says, "Here is a reasonable fine assessed, the same his "father paid,—an enjoyment of sixteen years; *and part of it* "*since he came of age*—and no renunciation of the estate;—on "the contrary a *confirmation of the transaction.*" The passage in 3 *Bac. Abr.* Infancy *F.* seems not to be supported by 2 *Bulstrode* 69, in its full latitude.—The same case is afterwards, and probably more correctly cited in the same book and title, letter I, 8. in connection with *Ketsey's* case, *Cro. Jac.* 320, both are cited to support the position that " if an infant take a lease for "years of land, rendering rent, which is in arrear for several "years ;—*then the infant comes of age and continues the occupa-* "*tion of the land ;*—this makes the lease good and unavoidable; "and of consequence makes him chargeable for all arrear- "ages *incurred during his minority.*"—This is undoubted law; and the above named case from *Cro. Jac.* supports the principle. See also *Hubbard v. Cummings,* 1 *Greenl.* 11, and the cases there cited.—These all differ from the present case and we do not find any authorities which support the principle contended for by the plaintiff's counsel. We are all of opinion that the present action cannot be maintained; and the nonsuit is therefore confirmed.—At the same time we would observe

that we are not certain that the plaintiff may not have a remedy in some other mode.

*Judgment for defendants for costs.*